F. M. SLAUGHTER, Respondent, v. F. M. FOWLER and
E. H. GATES, Appellants.

### No. 3797; October 2, 1874.

**Ejectment—Sufficiency of Complaint.—**In Ejectment It is not
Sufficient for the complaint to aver possession by the plaintiff on a
certain day, naming the day, and allege ouster as of that day, without further averment of title, seisin or right to the possession; the
complaint must show that the plaintiff was entitled to the possession
when bringing the suit.

**Public Land—Person in Possession may Convey His Interest.—**
A person in possession of public land may freely make a conveyance
of his possession or right, so far as it goes, and the conveyance is as
valid as would be one in fee simple; it is sufficient to transfer to his
grantee the right of possession as against anyone not connecting himself with the title of the United States.

Glassell, Chapman & Smith for respondent; A. Brunson
and F. Stanford for appellants.

See Slaughter v. Fowler, 44 Cal. 195.

RHODES, J.—This is an action of ejectment. The complaint alleges that on the first day of March, 1871 (the day
of the alleged ouster), the plaintiff was "possessed and entitled to the possession" of the tract of land thereinafter described. It contains no other or further averment of title,
seisin, or right to the possession; nor does it allege that the
plaintiff was entitled to the possession at the commencement
of the action. It is clear that a plaintiff cannot recover the
possession unless he was entitled to it at the commencement
of the action. The averment that he was entitled to the possession is not an averment, even by inference, that he is now
entitled to the possession. No objection was taken to the
complaint by demurrer, or in any other mode, in the court
below on either trial or on the former appeal, and the matter
is alluded to here simply for the purpose of repelling any
presumption that might be raised from our silence that we
regard the allegation as sufficient.

The plaintiff attempted to deraign title from Yorba, and
for this purpose introduced a deed to himself from Yorba,

executed after the defendant's grantors had entered into the possession. He showed no paper title in Yorba, and, of course, the deed would convey nothing as against the defendants, unless he proved that Yorba had the prior possession. We have carefully examined bill of exceptions No. 3—the one which contains the specifications of the insufficiency of the evidence to sustain the verdict—and find no evidence therein which makes out prior possession in Yorba. The plaintiff testified that Yorba stated that he claimed the land both under certain school land warrants and "by his long possession of the premises"—that if his warrants were not good, "his long possession of the place was good." He also testified that he had seen Yorba's horses grazing on the land from 1854 up to October, 1868. We are of the opinion that this falls short of making out a case of prior possession.

It is insisted that under the pleadings the plaintiff must show that he had the possession of the premises, or fail in the action. But we are of the opinion that, under the allegation that he is entitled to the possession, he may prove any title which gave him the right of possession; and he is not limited to proof of his own prior possession.

It is insisted that the conveyance of Yorba to the plaintiff is inoperative and void, because the land is public land, and the grantors of the defendants were in the adverse possession of the lands, or some part of it, when the conveyance of Yorba to the plaintiff was made. If Yorba had the prior possession, he was entitled to convey his possession, or his right to the possession; and such conveyance is valid, and is sufficient to transfer to his grantee the right of possession, as against any person who does not connect himself with the title of the United States. When neither party connects himself with that title, it is discarded from consideration in determining the rights of the respective parties, and the right or title presumed from or having its origin in prior possession is the subject of sale and conveyance in the same manner as a title in fee simple.

Judgment and order reversed and cause remanded for a new trial.

We concur: McKinstry, J.; Niles, J.; Crockett, J.